IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


JEFFREY G. SHARP,                          Civ. No. 6:12-cv-140-AA
                                           OPINION AND ORDER
         Plaintiff,

     v.

CHRISTIAN STRINGER, CAROL
CALLAHAN, SHAWN HOUCK,
RICHARD BRENNER, BENTON
COUNTY DISTRICT ATTORNEYS
OFFICE (OR), KAREN KEMPER,
CITY OF CORVALLIS (OR),
OREGON CASCADES WEST COUNCIL
OF GOVERNMENTS,

         Defendants.
_____

AIKEN, Chief Judge:

     Plaintiff filed suit alleging malicious prosecution under 42

U.S.C. § 1983 and a state law claim for loss of consortium.

Defendants Christian Stringer, Karen Kemper, and the Benton County

District Attorney's Office move to dismiss plaintiff's claims

against them. The motion is granted, in part.

1    - OPINION AND ORDER

Plaintiff alleges that he was wrongly arrested and prosecuted for Criminal Mistreatment in connection with the condition of his elderly mother. Plaintiff alleges that Deputy District Attorney Stringer knowingly gave false legal advice to investigating officers, and that Deputy District Attorney Kemper used plaintiff's mother "as a plea bargaining chip" and, after plaintiff rejected a plea offer, presented incomplete evidence to the grand jury to obtain a felony indictment. Am. Compl. at 8, 10-11, 14.

Stringer and Kemper County argue that their actions are protected by prosecutorial immunity. I agree that Kemper is entitled to absolute immunity, because her alleged actions were conducted while performing prosecutorial functions as an advocate of the State. See Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993); Lacey v. Maricopa Cnty., 649 F.3d 1118, 1127 (9th Cir. 2011). However, at this stage, I cannot find that Stringer is entitled to absolute immunity.

It is well-established that absolute immunity does not extend to giving advice to police officers during an investigation. "The Supreme Court has clearly stated that with respect to advising police, prosecutors are entitled to qualified not absolute immunity." Ewing v. City of Stockton, 588 F.3d 1218, 1233 (9th Cir. 2009) (citing Burns v. Reed, 500 U.S. 478, 492-95 (1991)). Ewing specifically explained that Burns is not limited "to situations where prosecutors advise police about prospective investigative

techniques" but also applies "to advising police that they had probable cause to arrest." <u>See</u> <u>Ewing</u>, 588 F.3d at 1233-34. Plaintiff's complaint alleges that Stringer improperly advised investigators that the facts surrounding plaintiff's mother constituted Criminal Mistreatment - in other words, if construed liberally, that probable cause existed to arrest plaintiff. Therefore, Stringer is afforded only qualified immunity, and the motion to dismiss is denied with respect to the malicious prosecution claim against Stringer.

Benton County District Attorney's Office also moves for dismissal pursuant to Eleventh Amendment immunity. The Eleventh Amendment to the United States Constitution prohibits plaintiff from suing the State of Oregon or its instrumentalities in federal court, unless the State has given unequivocal consent to be sued or Congress has abrogated that immunity. <u>Raygor v. Regents of Univ. of Minn.</u>, 534 U.S. 533, 540-542 (2002); <u>Will v. Mich. Dep't of State Police</u>, 491 U.S. 58, 66 (1989); <u>Pennhurst State Sch. & Hosp. v. Halderman</u>, 465 U.S. 89, 97-100 (1984). In response, plaintiff emphasizes that he brings suit against individual defendants Stringer and Kemper as employees of the District Attorney's Office. Regardless, the Benton County District Attorney's Office cannot be sued in federal court and the motion is granted.

///

///

3   - OPINION AND ORDER

CONCLUSION

Accordingly, defendants' Motion and Renewed Motion to Dismiss (docs. 18, 35) are GRANTED IN PART and plaintiff's claims against defendants Kemper and the Benton County District Attorney's Office are HEREBY DISMISSED.

IT IS SO ORDERED.

Dated this __27__ day of August, 2012.


_____/s/ Ann Aiken_____
Ann Aiken
United States District Judge

4    - OPINION AND ORDER